IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE M. ROWANN, | ) | |
| Plaintiff | ) | C.A. 07-304 Erie |
| | ) | |
| v. | ) | District Judge Cohill |
| | ) | Magistrate Judge Baxter |
| CITY OF ERIE, et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectively recommended that:

1) The Motion to Dismiss filed by Defendant City of Erie [Document # 19] be granted; and

2) The Motion to Dismiss filed by Defendant County of Erie [Document # 21] be granted.

### II. REPORT

#### A. Procedural History

On October 31, 2007, Plaintiff George M. Rowann, an inmate incarcerated at the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are the City of Erie, Pennsylvania, and the County of Erie, Pennsylvania.

Plaintiff alleges that Defendants violated his due process and equal protection rights under the fourteenth amendment to the United States Constitution. In particular, Plaintiff claims that his current sentence of 40 to 80 years of imprisonment, which was imposed by Erie County Common Pleas Judge Michael T. Joyce on December 12, 1991, is "illegal" and violates his constitutional rights. As relief for his claims, Plaintiff seeks declaratory and injunctive relief that would result in his immediate release from imprisonment, as well as compensatory and punitive damages.

Defendants have filed motions to dismiss [Document ## 19 and 21] asserting, *inter alia*,

that Plaintiff's claims constitute an impermissible collateral attack upon a final state court criminal conviction and sentence, and his request for immediate release from imprisonment is barred under 42 U.S.C. § 1983, as such relief must be sought in a federal habeas corpus action. Plaintiff has filed a response to Defendants' motions. [Document # 27]. This matter is now ripe for consideration.

### B. Standard of Review

#### 1. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief

above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Discussion
#### 1. Claims for Monetary Damages

Succinctly stated, Plaintiff claims that he has been falsely imprisoned as a result of an improper sentence and, thus, he is entitled to receive monetary damages. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original).

Plaintiff's complaint implicates the validity of his sentence; yet, Plaintiff has made no showing that the sentence has been declared invalid. Therefore, Plaintiff's claims for monetary damages against the Defendants should be dismissed.

### 2. Declaratory and Injunctive Relief

In addition to monetary damages, Plaintiff has requested declaratory and injunctive relief that would essentially declare his sentence invalid and release him from imprisonment. However, the Supreme Court has held that when a state prisoner, though asserting jurisdiction under Section 1983, "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Thus, Plaintiff's claims for declaratory and injunctive relief should also be dismissed.

## III. CONCLUSION

For the foregoing reasons, it is respectively recommended that:

1) The Motion to Dismiss filed by Defendant City of Erie [Document # 19] be granted; and

2) The Motion to Dismiss filed by Defendant County of Erie [Document # 21] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the

date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.  See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

              /s/ Susan Paradise Baxter
              SUSAN PARADISE BAXTER
              Chief U.S. Magistrate Judge

Dated: June 27, 2008

cc:  The Honorable Maurice B. Cohill
   United States District Judge